UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

T. R. LOVE,

                **Plaintiff,**

-v-

FLESHMAN MASONRY, LTD, et al.,

                **Defendants.**

Case No. 3:13-cv-183

Judge Thomas M. Rose

_____

ENTRY AND ORDER DENYING THE FLESHMAN DEFENDANTS'
MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE
DEFINITIVE STATEMENT (Doc. 9)
_____

      Plaintiff T. R. Love ("Love") filed the First Amended Complaint in this matter against

Defendants Fleshman Masonry, Ltd. and Ray Fleshman (the "Fleshman Defendants"). Love's

First Claim for Relief is for non-payment of wages pursuant to the Fair Labor Standards Act

("FLSA"). His Second Claim for Relief is for non-payment of wages pursuant to Ohio law. His

Third Claim for Relief is for non-payment of overtime wages pursuant to the FLSA. His Fourth

Claim for Relief is for breach of contract. His Fifth Claim for Relief is for quantum meruit-unjust

enrichment. His Sixth Claim for Relief is for violations of Ohio Rev. Code § 4113.15. His

Seventh Claim for Relief is for violations of Ohio Rev. Code § 4113.61, and his Eighth Claim

for Relief is for failure to provide pay-related information. All of Love's Claims for Relief are

against the Fleshman Defendants.

      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §

1331 and 29 U.S.C. §216(b). Further, this Court has supplemental jurisdiction over the Ohio law

claims pursuant to 28 U.S.C. § 1367(a).

Now before the Court is the Fleshman Defendants' Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6), or in the alternative, for a more definitive statement pursuant to Fed. R. Civ. P. 12(e). (Doc. #9.) Love has responded (doc. #10) and the time has run and the Fleshman Defendants have not replied. The Fleshman Defendants' Motion is, therefore, ripe for decision.

A relevant factual background taken from Love's Complaint, as it must be, will first be set forth followed by the relevant legal provisions and an analysis of the Fleshman Defendants' Motion To Dismiss. If necessary, this will be followed by the relevant legal provisions regarding the Fleshman Defendants' Motion for a More Definitive Statement and an analysis of this Motion.

## RELEVANT FACTUAL BACKGROUND

### The Parties

Love is an individual who was employed by the Fleshman Defendants, at all times relevant, as a bricklayer/mason. (Am. Compl. ¶ 4.) Love performed work as a bricklayer/mason on the Xenia Community Schools Arrowwood and McKinley projects (the "Projects"). (Id.) He performed this work from on or about October 2011 until the middle of 2012. (Id. at ¶ 7.)

Defendant Fleshman Masonry, Ltd. was, at all times relevant, a limited liability company organized under the laws of the State of Ohio. (Id. at ¶ 8.) Defendant Ray Fleshman was, at all times relevant, a member and officer of Fleshman Masonry, Ltd., had a significant ownership interest in Fleshman Masonry, Ltd. and controlled significant day-to-day functions of the business, including determining salaries and pay scales. (Id. at ¶ 10.)

### The Pay

The Fleshman Defendants paid Love between $27 and $30 per hour on the Projects. (Id. at ¶ 16.) By contract, the Fleshman Defendants were required to pay Love at least $35.23 for each straight-time hour worked on the Projects and at least $47.77 per overtime hour worked on the Projects. (Id. at ¶¶ 15, 16.)

Although Love worked more than forty hours in a workweek, he was never paid 1.5 times his regular rate of pay for the hours he worked in excess of forty in one week. (Id. at ¶ 17.) When he worked more than forty hours in a workweek, the Fleshman Defendants would issue two different paychecks to Love, both of which indicated that Love worked less than forty hours. (Id. at ¶ 18.)

Finally, the Fleshman Defendants did not pay Love at all for his final week of work on the Projects. (Id. at ¶ 21.) A Fleshman Defendants' representative physically destroyed Love's final paychecks with the intent to completely deprive Love of payment for his services. (Id. at ¶ 22.)

Love does not know the exact amount of hours worked for the Fleshman Defendants at this time but estimates that he worked approximately 1000 straight-time hours and approximately 400 overtime hours on the Projects for the Fleshman Defendants. (Id. at ¶ 23.) By certified mail, received by the Fleshman Defendants on June 12, 2013, Love has requested his pay-related information, including hours worked and rates paid. (Id. at ¶ 24.) The Fleshman Defendants did not respond within thirty business days of receipt of this request. (Id. at ¶ 26.)

## RELEVANT LEGAL PROVISIONS

### Rule 12(b)(6) Motion To Dismiss

The Fleshman Defendants seek to dismiss Love's First Amended Complaint pursuant to

Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004). Further, for purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. However, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp.*, 550 U.S. at 570.)

Further, the required level of factual specificity rises with the complexity of the claim.

-4-

*McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). A more complex case requires more detail "to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). Finally, unlike the complex antitrust scheme at issue in *Bell Atlantic*, the requirements to state an FLSA violation are "quite straightforward." *Secretary of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008), *see also Sanchez v. Haltz*, No. 09 C 7531, 2012 WL 13514 at *3 (N.D. Ill. Jan. 4, 2012) (FLSA plaintiffs who allege that they routinely worked more than 40 hours per week without receiving overtime pay and that the amount of compensation that they did receive was below the minimum wage do not need to provide more factual detail to survive a Rule 12d(b)(6) motion to dismiss).

The Sixth Circuit has noted that to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Education.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*

## Ohio Constitution

Article II, Section 34a of the Ohio Constitution addresses minimum wages and the keeping and sharing of certain information. Relevant to this case, part of Article II, Section 34a

of the Ohio Constitution provides that:

> An employer shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed. Such information shall be provided without charge to an employee or person acting on behalf of an employee upon request.

**Ohio Revised Code**

The Ohio Revised Code further discusses the provision of the records identified in Section 34a. Relevant to this case, Section 4114.14(G)(3) of Ohio Revised Code provides that an employer must provide the information regarding the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee to the employee or person acting on behalf of the employee within thirty business days after the date the employer receives the request unless "[t]he employer and the employee or the person acting on behalf of the employee agree to some alternative time period for providing the information" or unless "[t]he thirty-day period would cause a hardship on the employer under the circumstances in which case the employer must provide the requested information as soon as practicable."

**The FLSA**

The FLSA is a comprehensive remedial scheme requiring a minimum wage and limiting the maximum number of hours worked. *Kowalski v. Kowalski Heat Treating Co.*, 920 F. Supp. 799, 802 (N.D. Ohio 1996). Employers are prohibited by the FLSA from employing any worker for a work week longer than forty hours unless the employee receives compensation for employment in excess of forty hours at a rate not less than one and one half times the straight-time rate. *Id.* (citing 29 U.S.C. § 207(a)(1)).

There are two ways in which employees obtain protection under the FLSA. *Id.* First,

employees may be employed in an enterprise engaged in commerce or the production of goods for commerce. *Id.* This is termed "enterprise coverage." *Id.* at 803. Second, employees themselves may be engaged in commerce or in the production of goods for commerce. *Id.* This is termed "individual coverage." *Id.*

The elements of an FLSA claim are "simply" a failure to pay overtime and/or minimum wages to covered employees and/or a failure to keep payroll records in accordance with the FLSA. *Labbe*, 319 F. App'x at 763. Proof of intent or causation is not required. *Id.*

## ANALYSIS

The Fleshman Defendants, who have the burden, argue that Love's claims are not plausible for four reasons. Each will be addressed seriatim.

### 1. Plaintiff has failed to plead facts that amount to a plausible claim Defendants failed to pay Plaintiff for all hours he worked

This argument is unavailing. For example, Love plausibly pleads that the Fleshman Defendants did not pay him at all for his final week of work on the Projects. (Id. at ¶ 21.) This argument is also misleading in that Love can make an FLSA claim on a basis other than failure to pay. For example, he can make an FLSA claim, which he has done, based upon failure to pay overtime or failure to pay minimum wages.

### 2. Plaintiff has failed to plead facts that amount to a plausible claim Defendants failed to pay Plaintiff for all the overtime hours he worked

This argument, too, is unavailing. For example, Love plausibly pleads that, although he worked more than forty hours per workweek for the Fleshman Defendants on the Projects, he was never paid 1.5 times his regular rate of pay for hours he worked in excess of forty in one workweek. (Id. at ¶ 17.) Further, Love estimates that he worked approximately 400 overtime

hours on the Projects for the Fleshman Defendants. (Id. at ¶ 23.)

### 3. Plaintiff has failed to plead facts that amount to a plausible claim that Defendants breached a contract with Plaintiff and therefore is entitled to unjust enrichment damages

First of all, Love does not claim that the Fleshman Defendants breached a contract with him. He claims that the Fleshman Defendants breached a contract for which he was an intended third party beneficiary. (Id. at 47.)

As for dismissal of Love's breach-of-contract action, the Fleshman Defendants, according to Love, entered into construction contracts on the Projects that contained prevailing wage requirements intended to benefit Love. (Id. at ¶ 46.) These prevailing wage requirements were intended, again according to Love, to benefit Love and would have increased his hourly wages significantly. (Id. at ¶ 47.) Further, according to Love, he worked on the Projects. (Id. at ¶ 7.) Finally, Love alleges that the Fleshman Defendants failed to pay him the appropriate prevailing wage rate for every hour he worked on the Projects. (Id. at ¶ 51.) Thus, Love has plausibly pled that the Fleshman Defendants breached a contract for which he was an intended beneficiary.

### 4. Plaintiff cannot claim defendant is withholding discovery information before the discovery phase begins

The Fleshman Defendants argue that Love's Eighth Claim for Relief for failure to provide pay-related information perverts the discovery process and fails to state a claim on which relief can be granted. However, this argument, too, is unavailing.

The Fleshman Defendants base their argument on the duty to disclose information found in Fed. R. Civ. P. 26. However, Love's claim is based upon the duty to disclose found in the Ohio Constitution and Ohio law and is independent from any duty found in the Federal Rules of

Civil Procedure.

Ohio constitutional and statutory provisions require employers to keep wage and hour records and furnish them to an employee within 30 business days of the request, unless the parties agree to a different timeframe or the deadline would cause a hardship to the employer. Love has pled that he requested such records from the Fleshman Defendants and did not receive them within 30 business days and that he and the Fleshman Defendants did not agree to an alternative method or time frame. (Id. at ¶¶ 79-83.)

## CONCLUSION

The Fleshman Defendants have not shown that any of Love's Claims for Relief should be dismissed for failure to state a claim upon which relief may be granted. Therefore, the Fleshman Defendants' Motion To Dismiss (doc. #9) is DENIED.

Further, the Fleshman Defendants have not shown any need for a more definitive statement. This request, too, is DENIED. Finally, the Court finds it ironic that the Fleshman Defendants have criticized Love for not providing specifics that he would have if the Fleshman Defendants would have complied with Ohio constitutional and statutory provisions.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-First Day of October, 2013.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

-9-